DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the May 26, 2006 judgment of the Toledo Municipal Court, Small Claims Division, which granted summary judgment to appellee, David Mathias, and dismissed the complaint filed by appellant, Manfred Schurfeld. Upon consideration of the assignment of error, we find it not well-taken and affirm the decision of the lower court.
 {¶ 2} Appellant alleged in his complaint that appellee's automobile was involved in a collision while being driven by a person known to appellee and caused $1,883.86 in damages to appellant's automobile. Appellee moved for summary judgment on April 28, 2006. In an attached affidavit, appellee attested that his automobile was involved in the accident. He had given permission to his daughter to drive the car that day. However, she had given a ride to a former acquaintance, Mike Simmons, who stole the car from her when she stopped for an errand. Simmons was later involved in an accident with Mathias.
 {¶ 3} A hearing was held on the motion six days later on May 4, 2006. Appellant did not order a transcript to be made of the hearing. In its May 5, 2006 judgment, the magistrate found that there was no legal basis for finding appellee liable for the damage to appellant's car based upon the undisputed facts. The magistrate noted that appellant acknowledged that he could not prove that appellee should have known that Simmons would end up driving the car. While appellant attempted to prove that appellant knew or should have known that his daughter had a poor driving record, the magistrate held that this fact was not relevant.
 {¶ 4} Appellant objected to the magistrate's ruling on the motion for summary judgment arguing that the hearing was held too soon and that appellee was not entitled to summary judgment. On May 26, 2006, the court rendered summary judgment in favor of appellee.
 {¶ 5} Toledo Municipal Court Rule 14(F) provides that the court may order a hearing on a motion at any time. Appellant did not file a motion stating that he needed additional time to prepare for the hearing. Therefore, we find that the magistrate did not err in holding the hearing on the motion.
 {¶ 6} As to the merits of the motion, we find that the court properly granted summary judgment in this case. Appellant asserts that he did not allege a claim of negligent entrustment. Rather, he argues that his claim was based on a claim of "foreseeability." Appellant's "claim," however, is actually a claim of negligent entrustment. Even if appellant had evidence of the poor driving record of appellee's daughter, this fact would not be relevant to appellant's claim.
 {¶ 7} Having found that the lower court did not commit error prejudicial to appellant, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.